

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00359-CR

Herbert **MORGAN** Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR5077
Honorable Pat Priest, Judge Presiding[1]

Opinion by:    Patricia O. Alvarez, Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  December 31, 2013

AFFIRMED AS MODIFIED

Appellant Herbert Morgan Jr. was represented at trial by court-appointed counsel. He was convicted by a jury of one count of burglary of a habitation. The jury denied his application for community supervision, assessed a fine of $5,000.00, and assessed confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of four years. The trial court's

---

[1] The Honorable Raymond Angelini is the presiding judge in the 187th District Court. The Honorable Pat Priest sat by assignment.

judgment also included an assessment of court costs and attorney's fees. The trial court appointed appellate counsel, and Appellant timely filed a notice of appeal.

### COURT-APPOINTED APPELLATE COUNSEL'S *ANDERS* BRIEF

Morgan's court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967); counsel also filed a motion to withdraw. In appellate counsel's brief, he addresses ineffective assistance of trial counsel as a potential appellate issue. He references the record, provides citations to relevant legal authority, analyzes the issue, and concludes the issue is without merit. *See Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no pet.). Counsel concludes this appeal is frivolous and without merit. *See id.* The brief meets the *Anders* requirements. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). As required, counsel provided Morgan with a copy of the brief and counsel's motion to withdraw, and informed Morgan of his right to review the record and file his own pro se brief. *See Nichols*, 954 S.W.2d at 85–86; *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

### APPELLANT'S PRO SE BRIEF

In his pro se brief, Morgan contends he was denied effective assistance of counsel. He argues that counsel failed to subpoena certain persons as witnesses, and the record "clearly shows and proves" that his court-appointed counsel "acted as an advocate for the State." He also contends the prosecutor used fabricated evidence and testimony that his trial counsel failed to challenge.

### CONCLUSION

After reviewing the record, court-appointed counsel's *Anders* brief, and Appellant's pro se brief, we agree with Morgan's court-appointed appellate counsel that there are no arguable grounds for appeal and the appeal is wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d

824, 826–27 (Tex. Crim. App. 2005). However, the trial court could not assess attorney's fees against Morgan.[2] We modify the judgment and bill of costs to delete the assessment of attorney's fees. We affirm the trial court's judgment as modified, *see Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013), and grant appellate counsel's motion to withdraw, *see Nichols*, 954 S.W.2d at 85–86; *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either (1) this opinion or (2) the last timely motion for rehearing or en banc reconsideration is overruled by this court. TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *Id.* R. 68.3(a). Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *Id.* R. 68.4.

Patricia O. Alvarez, Justice

DO NOT PUBLISH

---

[2] The appellate record does not contain an affidavit of indigence for trial or appeal. *See generally* TEX. CODE CRIM. PROC. ANN. 26.05(g) (West Supp. 2013) (addressing court-appointed counsel compensation). However, the record shows Appellant had court-appointed counsel at trial, and has court-appointed counsel on appeal. Nothing in the record shows Appellant's financial status has changed; thus we conclude that Appellant was indigent for trial and is indigent on appeal. *See Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013) (rejecting assessment of attorney's fees against an indigent defendant unless the record shows a "'material change' in his financial status"); *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013) ("[A] 'defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs.'" (quoting TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2013))).